# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0407, <u>Gary Boyle v. Myra Fowler, DBA L&W Auto Repair</u>, the court on April 28, 2022, issued the following order:**

Having considered the brief and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Gary Boyle, appeals the order of the Circuit Court (<u>Ryan</u>, R., approved by <u>DeVries</u>, J.) dismissing his case against the defendant, Myra Fowler, DBA L&W Auto Repair, for failing to attend the pre-trial conference, and its subsequent denial of his request to reopen the case, arguing that he did not receive notice of the pre-trial conference. We vacate and remand.

The record shows that the plaintiff filed his small claim complaint on August 8, 2019. On September 7, 2019, the court notified the plaintiff that it had scheduled a pre-trial conference on October 31, 2019. On September 16, 2019, the plaintiff moved to continue the conference, stating that he required a new date "on or before September 28 . . . or after May 31," because he was leaving on September 29, 2019 and returning May 31, 2020. The court granted the motion, agreeing to reschedule the conference after May 31, 2020, "as requested." The court rescheduled the conference for June 29, 2020, but later cancelled it, apparently due to the COVID-19 pandemic.

On December 15, 2020, the court issued a notice that the pre-trial conference had been rescheduled for January 26, 2021. By notice dated February 2, 2021, the court dismissed the case for the parties' failure to attend the pre-trial conference. The plaintiff asserts that he did not receive the December 15, 2020 hearing notice or the dismissal order.

In his notice of appeal, the plaintiff states that he called the court in August 2021 and was informed that the case was closed. The court issued him a notice of appellate rights dated August 27, 2021. We construe the plaintiff's brief to argue that the court erred in dismissing the case for his failure to attend the pre-trial conference and in denying an August 2021 request to reopen it.

It is not clear from the record whether the plaintiff had an opportunity to inform the trial court of any error it may have made in notifying the parties of the pre-trial conference before it dismissed the case. Accordingly, we vacate the dismissal order and remand for the court to address whether the plaintiff received proper notice of the conference.

In his brief, the plaintiff also argues the merits of his claim against the defendant. It is not the role of this court to make factual findings or to rule on the merits of the plaintiff's claim in the first instance.

<u>Vacated and remanded</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.


**Timothy A. Gudas,**
**Clerk**